UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAVIER MARTINEZ,

          Petitioner,

    v.

LOWELL CLARK, et al.,

          Respondents.

Case No. C19-1945-RAJ-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

On November 27, 2019, Petitioner filed a 28 U.S.C. § 2241 habeas petition (dkt. # 1 ("Pet.")) and a motion for a temporary restraining order ("TRO") (dkt. # 3 ("Mot.")) through counsel. Petitioner is currently detained at the Northwest Detention Center and seeks his immediate release. The Court found Petitioner failed to show that immediate and irreparable injury would result before the Government could be heard in opposition and ordered the Government to respond by December 2, 2019. (Dkt. # 6.) The Government timely responded, arguing that Petitioner's motion for a TRO should be denied and this action should be dismissed because, among other reasons, Petitioner failed to exhaust his administrative remedies. (Dkt. # 7 ("Resp.").) The Court ordered Petitioner to reply to the Government's exhaustion argument (dkt.

REPORT AND RECOMMENDATION - 1

# 11), and he did so, asserting that the Court should waive the prudential exhaustion requirement (dkt. # 13 ("Reply")).

Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that Petitioner's motion for a TRO be DENIED and that this action be DISMISSED without prejudice for failure to exhaust administrative remedies.

## II.    BACKGROUND

The following facts are taken from the Honorable Mary Alice Theiler's Report and Recommendation in *Martinez v. Clark*, No. 18-1669-RAJ-MAT, 2019 WL 5968089 (W.D. Wash. May 23, 2019) ("*Martinez I*"), *R & R adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) ("*Martinez II*").

> Petitioner is a native of Costa Rica and a citizen of Nicaragua who initially entered the United States in September 1987 as a conditional resident. (Dkt. 8-1 at 2.) Petitioner became a Lawful Permanent Resident in May 1990. (Dkt. 8-2 at 2.) In August 2000, petitioner pleaded guilty to an aggravated felony, and the court sentenced him to 20 months in prison and five years of supervised release. (Dkt. 8-3.)
>
> In April 2001, the Department of Homeland Security ("DHS") commenced removal proceedings based on his felony conviction. (*See* Dkt. 8-1.) On September 11, 2002, the IJ granted petitioner's application for withholding of removal but did not enter an order of removal.[1] (Dkt. 8-8.)
>
> In August 2013, petitioner again pleaded guilty to an aggravated felony and the court sentenced him to 60 months in prison and four years of supervised release. (Dkts. 8-10, 8-11.) While his criminal case was pending, he was released on his personal recognizance until he was required to surrender to serve his sentence at the Federal Detention Center in Victorville, California. (Dkt. 1 at ¶¶ 17-22.) In January 2018, prior to petitioner's release from prison, the IJ granted DHS's motion to reopen his removal proceedings. (Dkt. 8-12.)
>
> On April 26, 2018, the Bureau of Prisons released petitioner into DHS custody. (Dkt. 8-13.) DHS served petitioner with a Notice to Appear for removal proceedings based on his 2013 conviction. (Dkt. 8-14.) DHS determined to hold

---

[1] In *Matter of I-S- & C-S-*, 24 I. & N. Dec. 432 (BIA 2008), the Board of Immigration Appeals ("BIA") clarified that entry of an order of removal must precede or be included in the withholding decision. Prior to this decision, it was not uncommon for IJs to enter withholding orders without removal orders.

REPORT AND RECOMMENDATION - 2

petitioner without bond. (Dkt. 8-15.) At a bond hearing on October 30, 2018, approximately six months after entering DHS custody, the IJ found that he did not have jurisdiction to grant petitioner a bond because petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c). (Dkt. 8-16.) Petitioner did not appeal this decision.

\* \* \* \* \*

On March 8, 2019, . . . an IJ denied petitioner's applications for relief from removal and ordered him removed to Nicaragua or, alternatively, Costa Rica. (Dkt. 14-1 at 4-26.) Petitioner timely appealed this decision to the BIA . . . . (*See id.* at 32-36.)

*Martinez I*, 2019 WL 5968089, at \*1 - \*2. On August 27, 2019, the BIA dismissed Petitioner's appeal and affirmed the IJ's denial of a continuance to pursue a U nonimmigrant visa. (Dkt. # 8-1 at 43-46.) Petitioner has filed a petition for review in the Ninth Circuit, which remains pending. (*See* Dkt. # 9.)

Petitioner initiated Case No. 18-1669-RAJ-MAT to obtain immediate release or a bond hearing before an IJ, arguing that his prolonged mandatory detention without a bond hearing violated the Fifth and Eighth Amendments. *See Martinez I*, 2019 WL 5968089, at \*1. On November 13, 2019, the Honorable Richard A. Jones found that Petitioner's prolonged mandatory detention violated his due process rights and ordered the government to provide him with a bond hearing that complied with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). *Martinez II*, 2019 WL 5962685 at \*1. Judge Jones also adopted Judge Theiler's recommended finding that Petitioner was not entitled to relief under the Eighth Amendment's Excessive Bail Clause. *See id.* at \*1; *Martinez I*, 2019 WL 5968089, at \*11.

On November 26, 2019, an IJ held a bond hearing. (*See* Dkt. # 9 (Audio Recording of 11/26/19 Bond Hearing).) At the beginning of the hearing, the IJ stated that the Government had the burden of demonstrating that Petitioner was a flight risk or danger to the community by clear and convincing evidence. (*Id.*) The IJ entered Judge Jones's order and Judge Theiler's Report

REPORT AND RECOMMENDATION - 3

1  and Recommendation into evidence and accepted evidence packets from Petitioner and the

2  Government. (*Id.*; Dkt. # 8-1 at 38-112.) First, the Government presented evidence to the IJ. (*See*

3  Dkt. # 9.) The Government went through Petitioner's two criminal convictions and pointed out

4  that after being granted withholding of removal, Petitioner was convicted of a second crime for

5  which he was sentenced to 60 months in prison. (*Id.*) The Government explained that it moved to

6  reopen his removal proceedings based on the second conviction and obtained an order

7  terminating the withholding of removal and precipitating his current detention. (*Id.*) The

8  Government also informed the IJ of the current status of Petitioner's immigration proceedings,

9  specifically that the BIA had dismissed his appeal and he had a pending petition for review in the

10  Ninth Circuit. (*Id.*) Throughout the presentation, the IJ asked questions and reviewed evidence.

11  (*Id.*)

12       Next, Petitioner's attorney presented evidence. (*Id.*) Counsel introduced people present in

13  the courtroom who appeared in support of Petitioner. (*Id.*) Counsel highlighted the aspects of

14  Petitioner's background that led to his involvement with illegal drugs, his pending U visa

15  application based on abuse he suffered as a child, his efforts towards recovery and rehabilitation,

16  and his community support. (*Id.*) Counsel argued that Petitioner did not present a danger to the

17  community or flight risk, pointing specifically to his compliance with release during his criminal

18  case and the Honorable Robert S. Lasnik's sentencing report. (*Id.*) Again, throughout the

19  presentation, the IJ asked questions and paused to review the evidence. (*Id.*)

20       At the conclusion of the hearing, the IJ denied bond and conditional release, finding

21  Petitioner to be a danger to the community and a flight risk. (*Id.*; Dkt. # 8-1 at 114.) The IJ did

22  not explain the reasons for his conclusions. (*See* Dkt. # 9.)

23

1    The following day, Petitioner filed the instant action and motion for a TRO. (*See* Pet., Mot.) The petition seeks a declaration that Petitioner's continued detention without bond violates (1) Judge Jones's November 13, 2019 Order, (2) the Due Process Clause of the Fifth Amendment, and (3) the Eighth Amendment's Excessive Bail Clause. (*See* Pet. at 8-9.) He seeks either immediate release from immigration custody without bond or with bond to be determined by this Court. (*Id.*) In his motion for a TRO, Petitioner argues that he is entitled to immediate release because the evidence presented at the bond hearing was insufficient to meet the clear and convincing evidence standard and therefore the bond hearing did not to comply with Judge Jones's November 13, 2019 order. (Mot. at 6-8.)

### III.    DISCUSSION

To obtain a temporary restraining order, a party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (same substantive standard applies to temporary restraining orders and preliminary injunctions). Ninth Circuit law also allows for satisfaction of the first and third elements outlined in *Winter* by raising serious questions going to the merits of the moving party's case and a balance of hardships that tips sharply in the moving party's favor. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1135 (9th Cir. 2011) (adding that plaintiff must also show a likelihood of irreparable injury and that the injunction is in the public interest).[2]

---

[2] The decision in *Winter* overruled Ninth Circuit law permitting a party to obtain a preliminary injunction merely by proving a "possibility" of irreparable harm. 555 U.S. at 22; *see also Small v. Avanti Health*

The Government argues, *inter alia*, that Petitioner has not exhausted his administrative remedies and therefore cannot show a likelihood of success or serious questions going to the merits of his request for immediate release. (*See* Resp.) As discussed below, the Court agrees. Indeed, because Petitioner has not exhausted his administrative remedies, the Court recommends that this action be dismissed without prejudice.

The Ninth Circuit has held that the proper procedure to challenge an IJ's bond determination is to appeal to the BIA, wait for the BIA to render its decision, and then file a habeas petition in the district court. *Leonardo v. Crawford*, 646 F.3d 1157, 1159-61 (9th Cir. 2011). The exhaustion requirement, however, is prudential, rather than jurisdictional. *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). Therefore, it may be waived. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). When deciding whether to require prudential exhaustion, courts consider whether "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id.* (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). Even if these factors weigh in favor of prudential exhaustion, waiver of exhaustion may be appropriate "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)).

---

*Sys., LLC*, 661 F.3d 1180, 1187 (9th Cir. 2011) ("*Winter* did not change the requisite showing for any individual factor [in the preliminary injunction analysis] other than irreparable harm.").

Judge Lasnik recently required prudential exhaustion in a similar case. *See Aden v. Nielsen*, No. C18-1441-RSL, 2019 WL 5802013 (W.D. Wash. Nov. 7, 2019). In *Aden*, Judge Lasnik ordered the government to provide the petitioner with a bond hearing. The petitioner received a bond hearing, and the IJ held the petitioner at "no bond." The petitioner then moved Judge Lasnik to enforce his prior order, arguing that the IJ erroneously applied the evidentiary standard, depriving the petitioner of his due process rights. Judge Lasnik declined to evaluate the merits of the petitioner's arguments until he exhausted his administrative remedies. With respect to the *Puga* factors, Judge Lasnik found:

> First, the BIA is the subject-matter expert in immigration bond decisions and has the authority to review appeals from bond determinations by IJs. Executive Office for Immigration Review, Dep't of Justice, BIA Practice Manual (2018), at 1.4(a). Second, relaxation of the exhaustion requirement would likely encourage other detainees to bypass the BIA and directly appeal their no-bond determinations from the IJ to federal district court. Petitioner argues that Mr. Aden's case is "atypical" because of the circumstances of his removal order, but the present posture of his case is a common one. Finally, the BIA has the authority to correct the mistake Mr. Aden alleges, and such a correction could moot Petitioner's motion and preclude the need for judicial review. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *Puga*, 488 F.3d at 815.

*Id.* at *2. With respect to the *Laing* exceptions, Judge Lasnik found that none applied. *Id.* at *3. He specifically rejected the petitioner's arguments that requiring exhaustion would cause irreparable injury based on his prolonged detention in violation of his constitutional rights. *Id.* Judge Lasnik agreed that constitutionally defective detention constitutes an irreparable injury but determined that the petitioner had not demonstrated that his detention pending appeal would violate his constitutional rights. *Id.*

As in *Aden*, the Court concludes that the *Puga* factors weigh in favor of requiring exhaustion. The BIA is the subject-matter expert in reviewing bond determinations, and if Petitioner appeals, the IJ will add to the record by drafting a written decision fully explaining

REPORT AND RECOMMENDATION - 7

why Petitioner was denied bond. Should the Court allow Petitioner to return directly to federal court to obtain review of the IJ's bond decision, other noncitizens who obtain federal court ordered bond hearings are likely to do the same. Allowing the BIA to consider an appeal will give it an opportunity to correct any mistakes and potentially preclude the need for judicial review. Petitioner recognizes as much when he argues that if the BIA applies the law properly, it is likely to order his release. (*See* Reply at 6.)

Petitioner nevertheless argues that the Court should waive the exhaustion requirement based on two of the *Liang* exceptions. (*Id.* at 3-7.) First, he asserts irreparable injury, arguing that his current detention violates due process because the Government has not provided clear and convincing evidence that he is a danger to the community or a flight risk, as Judge Jones required it to do. Second, he argues that an appeal to the BIA would be inadequate and inefficacious to remedy the ongoing due process violation because it will take four months or more to obtain a ruling. Petitioner cites several cases in which district courts either found that exhaustion was not required or waived the exhaustion requirement.

The Court, however, finds that it must follow the proper procedures as outlined in the Ninth Circuit's decision in *Leonardo*. Mr. Leonardo brought a habeas petition in federal district court alleging that his prolonged detention was unlawful. *Leonardo*, 646 F.3d at 1159. In light of *Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942 (9th Cir. 2008), which held that procedural due process requires a bond hearing for a noncitizen detained under 8 U.S.C. § 1226(a) for a prolonged period of time, the district court ordered Mr. Leonardo to receive a bond hearing. *Leonardo*, 646 F.3d at 1159. An IJ held such a hearing and denied bond. *Id.* Rather than appealing to the BIA, Mr. Leonardo filed a habeas petition arguing that the bond hearing failed to satisfy due process or conform to the district court's order. *Id.* The Ninth Circuit held that the

habeas petition should have been dismissed without prejudice for failure to exhaust and that it was improper for Mr. Leonardo to challenge the IJ's bond determination prior to obtaining a BIA ruling on the issue. *Id.* at 1160. The Ninth Circuit expressly held that Mr. Leonardo did not demonstrate grounds for excusing the exhaustion requirement. *Id.* at 1161.

Like in *Leonardo*, where the district court ordered a bond hearing based on Mr. Leonardo's prolonged detention, Judge Jones ordered a bond hearing for Petitioner because he had been detained for a prolonged period. Also like in *Leonardo*, where Mr. Leonardo argued that his bond hearing failed to comply with due process, Petitioner contends that his hearing did not satisfy due process requirements. Despite Mr. Leonardo's due process arguments, the Ninth Circuit found that he failed to demonstrate grounds for excusing the exhaustion requirement and required him to proceed to the BIA before coming to federal court. Similarly, the Court here concludes that Petitioner's challenge to the sufficiency of his bond hearing does not establish grounds for excusing the exhaustion requirement. *See Leonardo*, 646 F.3d at 1160-61; *Aden*, 2019 WL 5802013, at *3 (concluding that the petitioner failed to demonstrate that his detention pending appeal would violate his constitutional rights, reasoning in part that he "cites no authority for the position that detention following a bond hearing constitutes irreparable harm sufficient to waive the exhaustion requirement"). Petitioner should be required to appeal the IJ's bond determination to the BIA and only return to federal court if the BIA dismisses his appeal.

### IV.    CONCLUSION

Based on the foregoing, the Court recommends that Petitioner's motion for a TRO (dkt. # 3) be DENIED and this action be DISMISSED without prejudice for failure to exhaust administrative remedies. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on December 27, 2019.

Dated this 11th day of December, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge